**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RICCO MAYE, | : | Case No. 3:25-cv-281 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| JOHN HUI LI, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**ORDER and REPORT AND RECOMMENDATION[1]**

---

This matter is before the Court upon *pro se* Plaintiff Ricco Maye's motions to amend his Complaint with additional evidence to support his claims.  (Doc. #s 4-5).

This matter is also before the Court *sua sponte* for an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action.

I.     **PLAINTIFF'S COMPLAINT**

Plaintiff brings this action under 42 U.S.C. § 1983 against Defendant John Hui Li for violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. (Doc. #1, *PageID* #s 3, 21).  Plaintiff alleges that he first hired Defendant Li to represent him in a criminal case in November 2020.  *Id.* at 22.  Plaintiff paid Defendant Li $1,500 to represent him. *Id.*  Later that month, when Plaintiff was charged in federal court, Plaintiff again hired Defendant Li to represent him and agreed to pay $15,000.  *Id.*

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff alleges that Defendant Li's communication with him deteriorated and eventually ceased. *Id.* After many attempts to contact Defendant Li by Plaintiff and his family or friends, Plaintiff asked Defendant Li to refund part of his payment. *Id.* According to Plaintiff, Defendant Li agreed to refund Plaintiff $6,000 total and indicated he would pay $1,000 per month. *Id.* Plaintiff received two payments from Defendant Li but did not receive all of the $6,000. *Id.* Plaintiff avers that attorneys Yeazel and Culbert represented him, and Defendant Li "manipulated the situation to unjustly retain [his] funds." *Id.*

According to Plaintiff, his constitutional rights were violated by Defendant Li's conduct:

1. The **1st Amendment** covering freedom of speech:
   - I was refused typing up my own motions, refused phone calls, messages ignored, and communication cut off.
2. My **4th Amendment** regarding unlawful searches:
   -The furtherance of investigation into my case.
3. The **5th and 14th Amendments** regarding equal protection rights and covering "due process":
   I was refused representation.
   Our agreement of the money paid back was not honored.
   I was denied fair chance at trial.
4. The **6th Amendment** regarding being afforded ample time to confer privately with my attorney:
   - I was unable to contact my attorneys throughout most of my case, leaving me unable to prepare a proper defense.
   - I was refused communication by my own lawyers; and refused correspondence by the jails- leaving me with no way to prepare a proper defense.
5. The **8th Amendment** relating to "cruel and unusual punishment:
   - I had to borrow money off family to pay for other lawyers and fees throughout my case.
   - Effected my mental health in a serious way.
   - Lost trial because of ineffective counsel.

*Id.* at 21.

Plaintiff alleges that, as a result of Defendant Li's conduct, he has suffered severe stress and anxiety, as well as high blood pressure. *Id.* at 27. Plaintiff seeks injunctive relief to prevent similar violations from occurring in the future and compensatory damages in the total amount of $41,600. *Id.* at 28.

## II. MOTIONS TO AMEND OR SUPPLEMENT

As a threshold issue, Plaintiff has filed two motion asking the Court to amend his Complaint to include additional evidence in support of his claims. (Doc. #s 4-5). In Plaintiff's first Motion, he also asks that Defendant be held responsible for any and all court costs and fees. (Doc. #4, *PageID* #51).

Rule 15 of the Federal Rules of Civil Procedure governs supplemental and amended pleadings. It provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). With respect to amendment, the Rule provides that "[a] party may amend its pleading once as a matter of course" within certain timeframes. Fed. R. Civ. P. 15(a)(1). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The undersigned concludes that Plaintiff's request to supplement his complaints with allegations of an additional incident similar to the claims that are already proceeding is well-taken and should be granted. Fed. R. Civ. P. 15(d).

As no responsive pleading has been filed in this case, Plaintiff may freely amend his Complaint once without leave of court. *See* Fed. R. Civ. P. 15(a). As this is Plaintiff's first proposed amendment, and as no responsive pleading has been filed, Plaintiff may amend complaint to include his request for any and all court costs and fees.

Accordingly, Plaintiff's Motions (Doc. #s 4-5) are **GRANTED**. The exhibits are accepted as filed.

### III. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint upon finding (1) the claims are frivolous or malicious; (2) it fails to state a claim upon which relief may be granted; or (3) it seeks monetary relief from a defendant who is immune from such relief. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In conducting this initial review, the Court accepts Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### IV. DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983,[2] Plaintiff must allege: (1) "the deprivation of a right secured by the Constitution or laws of the United States," and (2) that "the

---

[2] Although Plaintiff indicates that he is bringing both a *Bivens* claim and a § 1983 claim, when asked what constitutional rights he is claiming were violated, he only responds to the question regarding his claims under § 1983. (Doc. #1, *PageID* #3). When asked the same question with regard to *Bivens*, Plaintiff responds "N/A." *Id.* at 4.

deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003); *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). If a plaintiff does not allege both elements, then the § 1983 claim fails. *Lausin v. Bishko*, 727 F. Supp. 2d 610, 625 (N.D. Ohio 2010).

Even construing Plaintiff's complaint liberally, Plaintiff fails to sufficiently state a factual basis necessary to plead a § 1983 claim. Although Plaintiff has alleged the deprivation of a federal right, he has not alleged facts suggesting that Defendant Li is a state actor subject to suit under § 1983.  *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of law within the meaning of § 1983.") (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004) (holding that a criminal defense attorney could not be liable under § 1983 because he was not a state actor and because there was no evidence that he acted in concert with state actors to deprive plaintiff of his constitutional rights).  Therefore, the undersigned recommends Plaintiff's complaint against Defendant Li be dismissed.

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's Motions to Amend/Supplement (Doc. #s 4-5) are **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT**:

1.  Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2);

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore

deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

3.     The case be terminated on the Court's docket.

May 18, 2026                                          s/*Peter B. Silvain, Jr.*
                                                    Peter B. Silvain, Jr.
                                                    United States Magistrate Judge

6

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).